IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**NEW VIEW GIFTS & ACCESSORIES**                                                            **PLAINTIFFF**

v.                                      No. 3:24-CV-00051-BRW

**CITY OF POCAHONTAS, ARKANSAS**                                                  **DEFENDANT**

**ORDER**

Pending is Defendants' Motion to Dismiss (Doc. No. 6). Plaintiff responded.[1] For the reasons stated below, the motion is GRANTED.

**I.    BACKGROUND**

Plaintiff, New View Gifts & Accessories, wanted to lease a building from the City of Pocahontas. On September 28, 2023, the city had a special council meeting regarding the proposed lease with Plaintiff. The city council voted 4 to 2 in favor of entering into a three-year lease agreement with Plaintiff. On October 9, 2023, the mayor of Pocahontas and Plaintiff's CEO signed a lease agreement. At a November 14, 2023, regular council meeting, the council rejected a written resolution regarding the lease agreement. The mayor advised Plaintiff that the resolution was rejected in a November 16, 2023 letter.

**II.   APPLICABLE LAW**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations in a complaint "must be enough to raise a right to relief above the speculative

---

[1] Doc. No. 10.

[2] Fed. R. Civ. P. 8(a)(2).

1

level."[3]  A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face."[4]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]  The Court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim.[6]  The evaluation prompted by a 12(b)(6) motion requires the court to construe the complaint in the light most favorable to the plaintiff and to accept as true the factual allegations of the complaint.[7]

**III.    DISCUSSION**

Arkansas Code Annotated § 14-54-302 set out a city's authority regarding the purchase and leasing of property.  Specific to the issues in this case, it reads:

> (b) The execution of all contracts and conveyances and lease contracts shall be performed by the mayor and city clerk or recorder, when <u>authorized by a resolution in writing and approved by a majority vote of the governing body</u> of the municipality present and participating.[8]

Ignoring this law, Plaintiff asserts that the September 28 minutes "confirmed the affirmative vote and satisfied any writing requirement under Arkansas law.  The City's mayor and clerk were authorized to enter into a lease and proceeded accordingly."[9]  No "resolution in

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *Id.* at 570.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability but asks for more than a sheer possibility that a defendant has acted unlawfully).

[6] *Twombly*, 550 U.S. at 558, 556.

[7] *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); see also *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018).

[8] Ark. Code Ann. § 14-54-302(b) (emphasis added).

[9] Doc. No. 11.

writing" was approved on September 28.  Instead, the council questioned Plaintiff's agent and voted 4 to 2 to move forward with entering into a lease agreement with Plaintiff.

Plaintiff also argues that the "Lease was prepared by the City and left no contingency for additional documentation, written approval or resolution by the City, or compliance with any related statute."[10]  This is true.  However, Arkansas law <u>required</u> the lease to be "authorized by a resolution in writing and approved by a majority vote" of the city council before it could become binding and valid.  At the November 2023 meeting, the city council rejected the "resolution in writing" that would have finalized the agreement with Plaintiff.  No binding contract ever existed.[11]

## CONCLUSION

For the reasons set out above, Defendants' Motion to Dismiss (Doc. No. 6) is GRANTED.  This case is DISMISSED.

IT IS SO ORDERED this 24th day of June, 2024.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE

---

[10] Doc. No. 9.

[11] See *Dotson v. City of Lowell*, , 289 S.W.3d 55, 57 (Ark. 2008); *City of Bryant v. Collins*, 386 S.W.3d 699, 700 (Ark. App. 2011).